## ATTORNEY EDWARD R. SHAW P.A.
722 South Sixth Street
Brainerd, Minnesota 56401
Phone (218) 825-7030    Fax (218) 822-3144
Rule 114 Qualified Neutral

Edward R. Shaw                                                                                                Anna Yakle
Attorney at Law                                                                                       Associate Attorney
lawyer@edshawlaw.com                                                                          anna@edshawlaw.com

October 25, 2012

To:    All Interested Parties

Re:    Mark Anthony and Lisa Marie Giesen
       Bankruptcy Case No. 12-50820

Dear Sir or Madam:

A modified chapter 13 Plan and signature declaration have been filed in this matter. The confirmation hearing has been rescheduled to November 27th, 2011, at 9:00 a.m., in the U.S. Courthouse, Courtroom 2, 515 West 1st Street, Duluth, MN 55802.

Cordially,

/s/ Marcia

Marcia, on behalf of
Attorney Edward R. Shaw

MHT

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

IN RE:  Mark Anthony Giesen and Lisa Marie Giesen

MODIFIED
CHAPTER 13 PLAN
Dated: 10/25/2012

Debtor(s)                                                                                      Case No.    5:12-bk-50820

**1. DEBTOR'S PAYMENTS TO TRUSTEE** −
   a. As of the date of this plan, the debtor has paid the trustee         $453.00
   b. After the date of this plan, the debtor will pay the trustee  $ 151.00  per month for 5  months  with additional steps on attached Addendum, for a total of         $37,784.00
   The minimum plan length is   [ ]  36 or  [X]  60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee all tax refunds for the duration of the Plan minus $1,000 per spouse per year and any refund resulting from the Earned Income Credit.
   d. The debtor will pay the trustee a total of $     37,784.00

**2. PAYMENTS BY TRUSTEE** −The trustee will pay from available funds only creditors for which proofs of claim have been filed.  The trustee may collect a fee of up to 10% of plan payments, or $      3,778.40

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** − The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
| c. Total |  |  | $0.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** − The debtor assumes the following executory contracts or unexpired leases.  Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
|  |  |
|  |  |

**5. CLAIMS NOT IN DEFAULT** −  Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| a. American National Bank | Non purchase money security - 2004 Dodge Ram pickup |
| b. American National Bank | Mortgage - Homestead at 2535 Brookview Lane SW, Pequot Lakes, MN |
| c. Bank of the West | Purchase Money Security - 2006 Chevrolet Cobalt |
| e. HSBC Polaris | Purchase Money Security - Claim for 2011 Polaris snowmobile will be paid by son. |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** −The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens.  **All following  entries are estimates.** The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | Total Payments |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| d. TOTAL |  |  |  |  | $0.00 |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** −The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.  **All following entries are estimates, except for interest rate.**

| Creditor | Amount of Default | Int. rate(if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | Total Payments |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
| d. TOTAL |  |  |  |  |  | $0.00 |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** −The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below.  The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under non bankruptcy law, or the date of the debtor's discharge.  NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C.  § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM. +
*(Adequate Protection from ¶ 3)*

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | (Monthly Payment) | X (Number of Payments) | Payments on account of Claim | =TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
| d. TOTAL |  |  |  |  |  |  |  | $0.00 |

**9. PRIORITY CLAIMS** −The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $600.00 | $120.00 | 1 | 5 | $600.00 |
| b. Domestic Support | | | | | |
| c. IRS | | | | | |
| d. MN Dept. of Rev. | | | | | |
| | | | | | |
| f. TOTAL | | | | | $600.00 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** —In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: .
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | Total Payments |
|---|---|---|---|---|---|---|
| | | | | | | |
| c) TOTAL | | | | | | $0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** —The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of
   Approximately     $33,405.60     [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)]
   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $     0.00
   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $     75,150.99
   c. Total estimated unsecured claims are     $75,150.99     [line 11(a) + line 11(b)]

**12. TARDILY-FILED UNSECURED CREDITORS** —All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** —The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.  See Addendum attached.

**14. SUMMARY OF PAYMENTS** —
Trustee's Fee [Line 2] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     $3,778.40
Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     $0.00
Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     $0.00
Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     $0.00
Priority Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     $600.00
Separate Classes [Line 10(c)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     $0.00
Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     $33,405.60
**TOTAL [must equal Line 1(d)]** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     **$37,784.00**

**Attorney Edward R. Shaw**
**Edward R. Shaw  #0262912**                    Signed:   /s/ Mark Anthony Giesen
**722 South Sixth Street**                                   DEBTOR

**Brainerd , MN 56401**                           Signed:   /s/ Lisa Marie Giesen
**218/825-7030**                                             DEBTOR (If joint case)

ADDENDUM  - Paragraph 13 continued

Debtors will pay the trustee $151.00 per month for months 1 – 5, beginning  September 3rd, 2012, $200.00 per month for months 6 – 17, $743.00 per month for months 18 through 20, and $810 per month for months 21 through 60.

Debtors will surrender Featherlight trailer to Citizens Community Federal.

Debtors will notify the trustee of any IRA distribution larger than the usual monthly amount stated in Schedule I.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Mark Anthony Giesen
and
Lisa Marie Giesen

Debtor(s).

**SIGNATURE DECLARATION**

Case No. 5:12-bk-50820

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
✓ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
✓ MODIFIED CHAPTER 13 PLAN
___ OTHER (Please describe:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 8/3/2012

x _/s/ Mark Anthony Giesen_
Signature of Debtor or Authorized Representative

Mark Anthony Giesen
Printed Name of Debtor or Authorized Representative

x _/s/ Lisa Marie Giesen_
Signature of Joint Debtor

Lisa Marie Giesen
Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)

UNITED STATES BANKRUPTCY COURT DISTRICT OF MINNESOTA

|  |  |
|---|---|
| In re: Mark Anthony Giesen<br>    and<br>    Lisa Marie Giesen<br><br>BANKRUPTCY FILE NUMBER: 12-50820 | UNSWORN CERTIFICATE OF SERVICE |

I, Marcia Thurmer, declare under penalty of perjury that on October 25th, 2012 I served

**MODIFIED CHAPTER 13 PLAN and SIGNATURE DECLARATION** electronically upon the

U.S. Bankruptcy Trustee and Trustee Kyle Carlson.


　　　　　　　　　　　　　　　　　　　　___/s/ Marcia Thurmer_____
　　　　　　　　　　　　　　　　　　　　Marcia Thurmer
　　　　　　　　　　　　　　　　　　　　Assistant to Attorney Edward R. Shaw
　　　　　　　　　　　　　　　　　　　　722 South Sixth Street
　　　　　　　　　　　　　　　　　　　　Brainerd, MN 56401

Executed on October 25th, 2011.